UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LORD BEYAH, | : | |
| Petitioner, | : | Civ. No. 16-4480 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner, Lord Beyah, seeks relief pursuant to 28 U.S.C. § 2255 from his federal conviction and sentence. Presently pending before the Court are Mr. Beyah's motions to withdraw his originally filed petition and replace it with an amended petition. The Court grants the motions and deems the petition that was filed on June 19, 2016 to be withdrawn in favor of the one filed on June 8, 2017. The Court must now review the amended petition pursuant to the Rules Governing Section 2255 Proceedings. For the reasons that follow, Issue One is summarily dismissed as meritless. Respondent shall be ordered to answer Issue Two.

## II.   BACKGROUND

The Court adopts and recites the facts of the case as set forth by the Court of Appeals for the Third Circuit on Mr. Beyah's direct appeal:

> On July 14, 2010, Beyah entered a post office in Mizpah, New Jersey. He leapt over the counter, confronted the lone post office employee (a female victim, C.D.) with a knife, and demanded money. When C.D. attempted to flee, Beyah caught her and forcibly dragged her back to the post office by her hair. A struggle ensued, during which C.D. managed to grab the knife blade, separate it from the handle, and stab Beyah in his leg. In the process, however, C.D. cut her hand badly and suffered permanent injuries as a result. Beyah then fled with less than $100 in cash from the post office. A subsequent investigation linked him to the crime through DNA

> evidence. He was ultimately apprehended and gave a written confession to the robbery.
>
> Beyah waived indictment and, pursuant to a plea agreement, pleaded guilty to a one-count information charging him with assault of a postal employee during a robbery in violation of 18 U.S.C. § 2114(a). As part of the plea agreement, the parties stipulated that (1) Beyah qualified as a career offender, and (2) the total offense level, after a three point reduction for acceptance of responsibility, was 31. The parties also waived the right to file any appeal challenging a sentence that was within the guideline range that resulted from this agreed offense level.
>
> The case proceeded to sentencing on December 2, 2011. The District Court calculated a guideline range of 188 to 235 months. The Court heard from the husband of the victim, who attested to the physical and psychological harm C.D. had suffered as a result of the attack. The Court ultimately sentenced Beyah to the top of the guideline range, 235 months, considering the violent and heinous nature of the crime, and Beyah's extensive criminal history. Beyah timely filed a pro se appeal and brief.

*United States v. Beyah*, 500 F. App'x 182, 183–84 (3d Cir. 2012).[1] The Third Circuit upheld the appellate waiver as knowing and voluntary and dismissed the appeal.

On June 19, 2016, Mr. Beyah filed a motion before the Third Circuit seeking permission to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244. He argued he no longer qualified as a career offender in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague). The Third Circuit denied the motion as unnecessary because Mr. Beyah had never filed a first § 2255 motion. The motion was transferred to this Court on July 21, 2016 with the direction to consider it as filed on June 19, 2016.[2]

On June 23, 2016, Chief Judge Simandle entered Standing Order 16-2 at the request of both the United States Attorney and the Federal Public Defender for this District. Pursuant to that

---

[1] *See* 28 U.S.C. § 2255 Rule 4(b) (permitting courts to consider "the record of prior proceedings" in initial review of § 2255 motions).

[2] The Supreme Court determined *Johnson* is retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner's *Johnson* argument is therefore timely under 28 U.S.C. § 2255(f)(3).

standing order, all § 2255 motions filed in this district raising claims under *Johnson* would be stayed for a period of up to 150 days during which the parties could confer and determine whether the petitioner's challenge has merit. The Court directed the Clerk to provide Mr. Beyah with a copy of the standing order on September 21, 2016.

At the conclusion of the 150-day time period, the Court informed Mr. Beyah of his rights and responsibilities associated with filing a § 2255 motion pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). The Court directed Mr. Beyah to inform it if he wished to proceed with his § 2255 motion as filed or if he wished to withdraw it and submit a new, complete § 2255 motion. Mr. Beyah thereafter submitted two requests to withdraw his original petition and proceed with an amended petition.[3] The Court grants the requests and will direct the Clerk to file the amended motion as a separate docket entry.

The Court must now review the amended motion under the Rules Governing § 2255 Proceedings.

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the

---

[3] Mr. Beyah's first motion to withdraw did not contain a complete amended petition. He filed his second motion, with the complete amended petition, after the Court brought the deficiency to his attention.

policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.  DISCUSSION

Mr. Beyah raises two issues for this Court's consideration: (1) he no longer qualifies as a career offender in light of *Johnson*, and; (2) his "prior New Jersey conviction under *Mathis*[4] and *Chang-Cruz*[5] no longer qualifies as a predicate offense."

At sentencing, the Court applied the career offender guideline, U.S.S.G. § 4B1.1, as Mr. Beyah stipulated to being a career offender in his plea agreement. Mr. Beyah now argues he no longer qualifies under the guidelines as a career offender because the career offender provision that was in effect at the time of his sentencing was identical to the residual clause struck down by the Supreme Court in *Johnson*. See U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(2) (U.S. SENTENCING COMM'N 2010) (defining "crime of violence" as including offenses that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The Supreme Court determined in *Beckles v. United States*, 137 S. Ct. 886 (2017), that the advisory sentencing guidelines are not subject to vagueness challenges. Mr. Beyah was sentenced post-*Booker*[6] under the advisory guidelines. Thus, his argument fits squarely in the category of claims

---

[4] *Mathis v. United States*, 136 S. Ct. 2243 (2016).
[5] *Chang-Cruz v. Attorney Gen. United States of Am.*, 659 F. App'x 114 (3d Cir. 2016).
[6] *United States v. Booker*, 543 U.S. 220 (2005).

foreclosed by *Beckles*. *See In re Hoffner*, 870 F.3d 301, 305–06 (3d Cir. 2017). Issue One is summarily dismissed as legally meritless.

The Court finds that dismissal of Issue Two without an answer from the United States would not be appropriate. The Court shall therefore order the United States to answer Issue Two.

## V.   CONCLUSION

For the foregoing reasons, Issue One is summarily dismissed, and the United States shall answer Issue Two. An appropriate order will be entered.

DATED: October 10, 2017                                                                 s/Robert B. Kugler
                                                                                   ROBERT B. KUGLER
                                                                                   United States District Judge